FILED
 2009 Jun-09 PM 03:10
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 1:08-CV-1064-VEH |
| **$10,510 IN UNITED STATES CURRENCY,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

Before the Court are:

(1)     Claimant Ronald Trineal Kidd's Motion to Enter Trial Documents (Doc. 42);

(2)     The United States' Motion to Strike Earnings Statement (Doc. 44);

(3)     Claimant Ronald Trineal Kidd's Subpoena Motion to Appear for Deposition to Give Assistance (Doc. 45); and

(4)     The United States' Motion to Take Deposition from Ronald Trineal Kidd (Doc. 47);

(5)     The United States' Request for Extension of Discovery Time (Doc. 49).

For the reasons discussed below, the Court hereby **GRANTS** the Claimant's Motion to Enter Trial Documents and **DENIES** the United States' Motion to Strike. The Court **DENIES** the Claimant's Subpoena Motion to Appear for Deposition to Give Assistance and **GRANTS** the United States' Motion to Take Deposition. Finally, the Court **GRANTS** the United States' Request for Extension of Discovery Time.

## II.  PROCEDURAL HISTORY

This case is a civil forfeiture case in which the Claimant of the Defendant Currency, Ronald Trineal Kidd ("Kidd") proceeds in this matter *pro se* and resides in a state penitentiary. On February 13, 2009, the Claimant filed a Motion for Summary Judgment (Doc. 22) and the Government opposed the motion only by stating that it needed time to complete discovery so that it could refute Kidd's claim to the currency, which was seized in connection with an arrest for possession of narcotics (*see* Doc. 28). Kidd alleges that he obtained the defendant currency through legal means, specifically, by selling two automobiles and through earnings from his employment. (Doc. 21.) The Court entered an Order granting additional time for the Government to complete discovery and continued the Motion for Summary Judgment until discovery could be completed (90 days). (Doc. 30.) The pending motions are now before the Court.

In the Motion to Enter Trial Documents, Kidd attempts to enter into evidence

documents that support his claims that he earned a portion of the defendant currency through employment at "Decatur CBF" a/k/a "Cellpak" (Doc. 42 at 3.) The Government, in its response (incorporated into its Motion to Strike) claims that the documents have not been properly authenticated and should be not be taken into account in resolving the pending Motion for Summary Judgment. (Doc. 44 at 2-3.) Kidd's Subpoena Motion to Appear for Deposition to Give Assistance requests an Order allowing a fellow prisoner who is not his attorney to assist him in his deposition. (Doc. 45 at 1-2.) The Government's Motion to Take Deposition requests, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), that the Government be permitted to depose Kidd at the facility in which he is incarcerated. (Doc. 47 at 1-2.) Finally, the Government requests an extension of the Court's discovery deadline because of unforseen circumstances that may prohibit the Government from meeting the current deadline. (Doc. 49.)

### III.  ANALYSIS

    **A.  Kidd's Motion to Enter Trial Documents and the Government's Motion to Strike**

According to Kidd, he filed the Motion to Enter Trial Documents in response to the Government's request for production, asking Kidd to produce all documents he intends to use at trial. (Doc. 46 at ¶ 2.) Attached to the motion, he filed what

appears to be a facsimile of an earnings statement from his former employer. (*Id.* at 3-4.) The Government opposes the motion and argues that Kidd has not authenticated the document and that it is hearsay and therefore inadmissible. (Doc. 43 at ¶ 2.)

"On motions for summary judgment, [the Court] may consider only that evidence which can be reduced to an admissible form." *Rowell v. BellSouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005) (citing *Macuba v. Deboer*, 193 F.3d 1316, 1324-25 (11th Cir.1999) (finding that although evidence that is otherwise admissible may be accepted in an inadmissible form at summary judgment stage provided that it can later be reduced to an admissible, hearsay at issue could not be reduced to admissible form and was therefore due to be excluded)).

Regarding the Government's argument as to authentication, Kidd claims that, at trial, a representative of Cellpak, his former employer, will be called to authenticate the earnings report. (Doc. 46 at 3.) Under Federal Rule of Evidence 901(b)(1), this would be an appropriate method of authentication.[1] Thus, even though not currently authenticated by an affidavit, the evidence technically can be "reduced to an admissible form." 433 F.3d at 800. Further, the Court is aware that pleadings filed by *pro se* litigants "are generally subject to less stringent rules." *Moore v. State of Fla.*,

---

[1] It is not clear to the Court why Kidd could not, by affidavit, authenticate this document himself.

703 F.2d 516, 521 (11th Cir. 1983); *see also Carr v. Alabama Dept. of Youth Serv.*, No. 2:07-CV-532-MHT, 2009 WL 903280 at *2 (M.D. Ala. March 31, 2009) (declining to strike *pro se* litigant's exhibits offered on summary judgment because they were not properly authenticated). Finally, the Court notes that, as a practical matter, Kidd's incarceration limits his ability to obtain affidavits that might properly authenticate his evidentiary submission and that Kidd has provided the Government with the earnings statement in order to, in his view, properly respond to the Government's discovery requests. For these reasons, the Court declines to strike Kidd's evidentiary submission on grounds of authentication.

Turning to the Government's hearsay argument, assuming that Kidd offers the earnings statement for its truth, an exception exists for such a document under Federal Rule of Evidence 803(6), which excepts from the hearsay rule reports and data compilations "kept in the course of a regularly conducted business activity." *See also United States v. Klinzing*, 315 F.3d 803, 809-810 (7th Cir. 2003) (finding that admission of wage records in criminal case did not violate the defendant's rights under the Confrontation Clause of the United States Constitution); *Bergan v. F/V St. Patrick*, 816 F.2d 1345, 1353 (9th Cir. 1987) (finding that earnings records of a ship properly admitted by the district court because they were subject to the Rule 803(6) exception)). The earnings statement at issue appears to be a business record made at

or near the time of events and produced in the regular course of business by Decatur CBF a/k/a Cellpak. Therefore, because an exception exists that would render the hearsay rule inapplicable, the Court declines to strike Kidd's earnings statement.

In light of the above, the Government's Motion to Strike is **DENIED**. Kidd's Motion to Enter Trial Documents is **GRANTED**.

### B. The Government's Motion to Depose Claimant Kidd and Kidd's Subpoena Motion to Appear for Deposition to Give Assistance

In its Motion to Depose Claimant Kidd, the Government requests leave of the Court to depose Kidd under Federal Rule of Civil Procedure 30(a)(2)(B), which requires leave of the court to depose a deponent who is confined in prison. As deposing Kidd is likely to be crucial in opposing Kidd's pending motion for summary judgment, this request is **GRANTED** for good cause shown and is consistent with the Court's Order of March 23, 2009 (Doc. 30), permitting the Government to take discovery in order to explore the viability of Kidd's claim to the Defendant Currency.

Regarding Kidd's Subpoena Motion to Appear for Deposition to Give Assistance, Kidd seeks leave to permit a fellow inmate, Mark Anthony Chandler ("Chandler") to appear with Kidd at his deposition. In support of his motion, Kidd appears to refer to the case *Shaw v. Murphy*, 532, U.S. 223 (2001), although he only calls the case "Shaw", as the legal authority to support his motion, contending that

"Shaw" elaborates on a Constitutional right to have inmate assistance. (Doc. 45 at 2.) However, the Court in *Shaw* held only that inmates do <u>not</u> have a First Amendment right to provide legal assistance to other prisoners if that restriction is "reasonably related to legitimate penological interests." *Id*. at 225. *Shaw* simply does not support Kidd's argument that he is entitled, as a Constitutional right, to have inmate assistance and, although having Chandler's assistance during his deposition may be helpful to Kidd, the Court in *Shaw* recognized that "because the problems of prisons in America are complex and intractable, and because courts are particularly ill equipped to deal with these problems we generally have deferred to the judgments of prison officials in upholding these regulations against constitutional challenge." *Id.* at 229. Additionally, pursuant to Local Rule 83.1(d) a party may be represented only by an attorney who is a member of the bar of the Northern District of Alabama. Chandler is not Kidd's attorney and is not entitled to appear with him at his deposition. Therefore, Kidd's motion is **DENIED**.

The Government also filed a Supplemental Response to Claimant's Subpoena Motion to Appear for Deposition to Give Assistance (Doc. 48) in which it requests that, in the event the Court denies Kidd's motion, that the Court also enter an Order prohibiting anyone from attending the deposition on the scheduled date except for (a) counsel for the Government, (b) an agent from the Bureau of Alcohol, Tobacco,

Firearms & Explosives,(c) Kidd, (d) a court reporter, (e) any licensed attorney that Kidd wishes to retain, and (f) any security personnel that the warden of Kidd's correctional facility believes to be necessary. (Doc. 48 at 1-2.) The Court agrees with the Government's suggestion and is of the opinion that additional persons present at the deposition, such as Kidd's fellow inmates or loved ones (*see id.* at 2, ¶ 3) would only serve as a distraction and could present potential safety issues. Therefore, the Goverment's request is **GRANTED**. Participation in and attendance at Kidd's deposition is limited to the above-identified categories of individuals.

  **C.**  **The Government's Request for Extension of Discovery Time**.

Finally, the Government requests a three-week extension of the time allotted for discovery. Currently, discovery is set to close on June 21, 2009. Although the Government indicates that it still intends to meet that deadline, it requests that the deadline be extended until July 10, 2009, so that it can subpoena and depose additional witnesses identified at Kidd's deposition. (Doc. 49 at 5.) Additionally, the Government's efforts at completing discovery have been hampered by a death in the case agent's family. (*Id.*) Therefore, for good cause shown, the Court **GRANTS** the Government's Request for Extension of Discovery Time.

**IV. CONCLUSION**

For the above-stated reasons, the Court hereby finds as follows with respect to

the pending motions:

(1) Claimant Ronald Trineal Kidd's Motion to Enter Trial Documents (Doc. 42) is **GRANTED**;

(2) The United States' Motion to Strike Earnings Statement (Doc. 44) is **DENIED**;

(3) Claimant Ronald Trineal Kidd's Subpoena Motion to Appear for Deposition to Give Assistance (Doc. 45) is **DENIED**;

(4) The United States' Motion to Take Deposition from Ronald Trineal Kidd (Doc. 47) is **GRANTED** and the Court **ORDERS** that attendance at Ronald Trineal Kidd's deposition is limited to (a) counsel for the Government, (b) an agent from the Bureau of Alcohol, Tobacco, Firearms & Explosives,(c) Kidd, (d) a court reporter, (e) any licensed attorney that Claimant wishes to retain, and (f) any security personnel that the warden of Claimant's correctional facility deems necessary; and

(5) The Government's Request for Extension of Discovery Time (Doc. 49) is **GRANTED** and the deadline for discovery is hereby extended to July 10, 2009.

**DONE** and **ORDERED** this the 9th day of June, 2009.

                                                    /s/ Virginia Emerson Hopkins
**VIRGINIA EMERSON HOPKINS**
United States District Judge